SAMUEL BELL, ET AL. *v.* A. E. COLEMAN.

[Abstract Kentucky Law Reporter, Vol. 6—746.]

**Notice of Commissioners' Meeting.**

     Where the judgment, appointing commissioners to allot dower, fixes the time and place of their meeting, and they meet in accordance with such order and adjourn to another day, no additional notice is required to bind the parties to such action.

**Abandonment of Efforts to Secure the Court's Ruling.**

     Where a litigant enters a motion to compel an adversary to elect from among parties the one against which he will proceed and then proceeds to trial without first requiring the court to rule, he abandons such motion.

APPEAL FROM PENDLETON CIRCUIT COURT.

April 28, 1885.

OPINION BY JUDGE HOLT:

In this action by the appellee for dower, it is urged that she should have been forced to elect from among the appellants the one against whom she would proceed; also that the court fixed no time for the trial of the exceptions to the report of the commissioners and prematurely acted upon them when the answer was mislaid, and without allowing time for the production of the testimony by the appellants; that the judgments allow appellee the land absolutely and not merely for life; that the commissioners acted without giving any notice of when and where they would meet, and that their report as well as the judgment allows a passway to the land allotted as dower over that of one of the appellants.

There is no answer copied into the record, and no effort was made to supply it; and in its absence, most of the objections above named can not be considered. But aside from this it appears, that although the appellants entered a motion to compel an election, yet the court did not act upon it, and the action was submitted without any objection. The code of practice does not require the court to fix a time for the trial of exceptions to a commissioner's report and in this instance it was not asked to do so. No step was taken to substitute the answer or delay asked for such purpose or that testimony might be obtained or offered. It does not even appear that the court was in any way notified by the appellants that they desired to offer any testimony upon the hearing of the exceptions or that they even had any; and only a general exception to the judgment was entered. It is true that the appellant obtained a rule against the clerk of the court to produce the answer, but failed to prosecute it further.

The judgment appointing the commissioners fixed the day for their meeting, and they did then meet and adjourn to the day upon which they acted.

The judgment recites that it allows the appellee "dower in the land" described in the pleadings. The second judgment and by which the commissioners' report was confirmed, first speaks of the portion taken from the Samuel Bell tract, and says that it is "as and for dower."

It is true that these words are not used in connection with the portions taken from the James Stone, Sr. and Jr. tracts and that the judgment simply adjudges said portion to the appellee; but in view

of the first judgment and by which the appellee was allowed dower only, it can not fairly be understood that the two portions last named were adjudged to her save as dower. It is to be presumed that the passway named in the commissioner's report was absolutely essential to the use and enjoyment of the dower land, and that the commissioners took it into consideraton in the allotment of dower out of the tract over which it runs, and their action as to it has been sanctioned by the court's judgment.

This action was brought in 1870; and the final judgment not rendered for more than eleven years thereafter.

The record shows plainly that it was the policy of the appellants to protract the contest as long as possible. The land allotted as dower seems to have been taken from the land of each appellant in proper portions, quantity, quality and value being considered, to make up the thirty-two acres allotted as dower to appellee out of the entire 100 acres owned by the appellants; and this in the present condition of this record we must presume was done.

Judgment *affirmed.*

*C. H. Lee, Sr., for appellant.*

*J. T. Simon, for appellee.*